PEOPLE *v.* PELON.

RAPE—ASSAULT WITH INTENT TO RAPE—VERDICT AGAINST WEIGHT OF EVIDENCE.

> In a prosecution for common-law rape, where the testimony is convincing that the consent of prosecutrix was not at any time withheld, and that defendant did not intend to use force, a verdict of assault with intent to commit rape should have been set aside as against the overwhelming weight of the evidence.

Exceptions before judgment from Saginaw; Browne (Clarence M.), J. Submitted January 13, 1927. (Docket No. 161.) Decided April 1, 1927.

Thornton Pelon was convicted of an assault with intent to commit rape. Reversed and remanded.

*Robert J. Curry,* for appellant.

*William W. Potter,* Attorney General, *Wilber M. Brucker,* Prosecuting Attorney, and *Riley L. Crane,* Assistant Prosecuting Attorney, for the people.

FELLOWS, J. Defendant moved for a new trial alleging as one of the grounds that the verdict was against the overwhelming weight of the evidence. This motion should have been granted for this reason. The charge in the information was common-law rape. Upon this record prosecutrix was either ravished by two boys, one of whom was defendant, and consented to intercourse with another, or she consented to intercourse with all three of them. Her testimony given on the trial was self-contradictory, and upon the question of consent was much at variance with that given before the examining magistrate. Upon that question

Rape, 33 Cyc. pp. 1488, 1493, 1517 (Anno).

it was also in flat conflict with that given by some of the participants, whose testimony did not disclose any high moral standards, and upon questions not connected with the *res gestæ* was in conflict with several disinterested witnesses of unquestionable probity. Without going into detail it will suffice to say that the testimony and surrounding circumstances are convincing that the consent of prosecutrix was not at any time withheld. We are likewise convinced that neither the defendant nor any of the other participants intended to have intercourse with prosecutrix by force and against her will. The jury was out nearly half a day and on at least three occasions came in for further instructions. The trial judge urged them, although not unduly, to reach an agreement if possible, and finally a verdict of assault with intent to rape was brought in. The testimony was nauseating, the transaction disgraceful, and one does not have to be keen in reading between the lines to reach the conclusion that the jury was unable to agree that force was used but were able to agree that a lesson should be made of some one connected with the escapade and, therefore, brought in a verdict for the lesser offense. It would be a miscarriage of justice to allow it to stand.

The conviction will be set aside and the case remanded.

SHARPE, C. J., and BIRD, SNOW, STEERE, WIEST, CLARK, and McDONALD, JJ., concurred.